UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID L. ANDERSON, | Civil No. 08-492 (DWF/SRN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| RICARDO RIOS, Warden, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241.  The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

I.    BACKGROUND

In 2002, Petitioner was indicted in the United States District Court for the Western District of Michigan for violating federal drug laws.  (Petition, [Docket No. 1], Addendum, p. (3).)  He later pled guilty to one count of the indictment, and on September 29, 2003, he was sentenced to 188 months in federal prison, to be followed by five years of supervised

_____

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

release. (Id., p. (4).) Petitioner is currently serving his sentence at the Federal Correctional Institution in Waseca, Minnesota.

Petitioner did not file a direct appeal after he was convicted and sentenced. However, on October 12, 2004, his attorney filed a motion on his behalf, seeking relief under 28 U.S.C. § 2255. (Id.)  In that motion, Petitioner argued that:  (1) he had been deprived of his constitutional rights under the Sixth Amendment, because his sentence was based on factual determinations that were not made by a jury; (2) the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000) should apply "retroactively" to his case; and (3) he was deprived of his constitutional right to effective assistance of counsel, because his attorney (a) failed to object to alleged sentencing errors, and (b) failed to pursue a direct appeal. (Id., p. (5).)

Petitioner's § 2255 motion was denied on October 28, 2005.  (Id.)  Petitioner's ineffective assistance of counsel claims were denied on the merits, and his remaining claims were found to be procedurally defaulted, because they were not raised on direct appeal. (Id., pp. (5) - (6).)  More than a year later, Petitioner tried to appeal the ruling on his § 2255 motion, but the Sixth Circuit Court of Appeals summarily rejected the appeal because it was untimely.  (Id., p. (7).)

On February 22, 2008, Petitioner filed his present application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In this action, Petitioner is once again attempting to challenge the sentence imposed in the Western District of Michigan in 2003.  The current petition presents the following claims:

(1) Petitioner was deprived of his Sixth Amendment right to effective assistance of counsel at sentencing, because his attorney erroneously allowed him to be sentenced

based on "stipulated facts," even though Petitioner was "under the effects of prescribed psychotropic medication" at the time of his sentencing.  (Id., pp. (7) -(8).)

(2) Petitioner received ineffective assistance of counsel at sentencing, because his attorney allowed the trial court judge to impose an enhanced prison sentence, based on an erroneous and unsustainable determination that Petitioner was a leader, manager or supervisor of a conspiracy to distribute illegal drugs.  (Id., pp. (11) - (14).)

(3) The trial court misapplied the federal Sentencing Guidelines in several respects, which caused the Petitioner to receive an erroneous sentence.  (Id., pp. (14) - (15).)

For the reasons discussed below, the Court finds that Petitioner's current challenge to his 2003 federal prison sentence cannot be brought in a § 2241 habeas corpus petition, and that this action must be summarily dismissed for lack of jurisdiction.

## II.    DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  (Emphasis added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence.  "It is well settled a collateral challenge to a federal conviction or sentence must

generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).  No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241, unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'"  DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255.  See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of the sentence imposed in 2003 in his federal criminal case.  Therefore, the present petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

In some cases, a § 2241 petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255.  The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there.  Here, however, Petitioner is precluded from seeking relief under § 2255, because he has already sought such relief once before.  Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted.  28 U.S.C. §§ 2244(b)(3) and 2255 (final paragraph).

Without a pre-authorization order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because the instant Petitioner has not obtained a pre-authorization order from the Sixth Circuit Court of Appeals, the original trial court could not entertain a new § 2255 motion at this time. Id. Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

It also appears that any § 2255 motion that Petitioner might attempt to bring before the trial court at this time would be time-barred under the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255[ ¶ 6 ]. For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Furthermore, it clearly appears that Petitioner deliberately elected to seek relief under the § 2241 habeas corpus statute. He apparently thinks that his current petition is exempt from § 2255's exclusive remedy rule under the savings clause, and that he can challenge his sentence in a § 2241 habeas proceeding, because he is not presently eligible for relief under § 2255, due to the restrictions on successive motions and the one-year statute of limitations. That reasoning must be rejected.

The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in

a § 2241 habeas corpus petition.  Congress could not have intended for the rules governing successive § 2255 motions, and the statute of limitations, to be so easily evaded.  Indeed, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire."  United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted).  See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); Abdullah, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred"); United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions), cert. denied, 537 U.S. 869 (2002).

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998).  Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because he has already had a reasonable opportunity to raise his current claims for relief.  Petitioner's claims presumably could have been raised in a direct appeal to the Sixth Circuit Court of Appeals, and if they

could not have been raised on direct appeal, then they could have been raised in his §
2255 motion.  Petitioner cannot now claim that § 2255 is "inadequate or ineffective" simply
because he failed to raise his current arguments in a direct appeal or in his prior § 2255
motion.  See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy
where the prisoner had "at least two opportunities to raise [his] argument before the
sentencing court").

> As the Court of Appeals pointed out in Abdullah –
>
> "[T]he Due Process Clause of our Constitution does not require that a
> petitioner have more than one unobstructed procedural opportunity to
> challenge his conviction.  'That does not mean he took the shot, or even that
> he or his attorney recognized the shot was there for the taking.  All the
> Constitution requires, if it requires that much, is that the procedural
> opportunity have existed.'"

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).  Here, as
in Abdullah, Petitioner has already had an opportunity to litigate his current claims.  He
could have presented them in a direct appeal, or in his § 2255 motion.  He may not have
used those opportunities successfully, but that does not mean the § 2255 remedy itself is
somehow inherently inadequate or ineffective for his claims.  Because Petitioner has failed
to show that the remedy provided by § 2255 was inadequate or ineffective for his current
claims for relief, he is barred from bringing those claims in a § 2241 habeas petition.

## III.    CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus
relief challenges the validity of his 2003 prison sentence in his Michigan federal criminal
case; (2) such challenges can be raised collaterally only in a motion for relief under 28
U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;"

(3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by the rules governing successive petitions and the statute of limitations; and (4) Petitioner cannot show that the remedy provided by § 2255 is "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule.  Thus, the Court concludes that Petitioner's current § 2241 habeas corpus petition cannot be entertained here, and that this action must be summarily dismissed for lack of jurisdiction.  See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

## IV.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED for lack of jurisdiction.


Dated:   February 27, 2008

     s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 13, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture

of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.